# UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

| | |
|---|---|
| *In re: Lavrena M Semma*<br>*AKA Lavrena Mirna Thomas* | Chapter 13<br>Case Number: 26-48079-prh<br>Hon. Paul R. Hage |

Debtor's Chapter 13 Confirmation Hearing Certificate – September 24, 2026

At the next confirmation hearing in this case, the debtor intends to:

1. ☐ Request confirmation of the debtor's plan, because all timely objections of creditors and the trustee have been resolved. I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order.

2. ☒ Request confirmation of the debtor's plan, even though all timely objections have not been resolved. I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order. The parties are at an impasse in attempting to resolve these objections despite all reasonable efforts. The following are: (a) the parties whose timely objections have not been resolved; (b) their unresolved objections; and (c) the legal and factual issues that must be resolved by the Court in connection with confirmation:

**Trustee Objections:**

1. The value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor(s) were liquidated under Chapter 7, contrary to 11 U.S.C. 1325(a)(4).

   **Debtors' Response: Objection #1 appears to be closely related to Objection #2. Please see response to objection #2.**

2. The Trustee is unable to determine whether the Plan complies with 11 U.S.C. 1325(a)(4) as the debtor's **Schedule A** fails to fully disclose the nature of the debtor's interest in the debtor's real property. The Trustee requests that the debtor(s) amend Schedule A to provide the debtor's(s') interest in the property/properties.

   **Debtors' Response: The Debtor's property in Arizona is not deeded in her name, but in the name of her business Semma Thomas Properties. The property is listed as an asset on Schedule B, line 41, with an estimated value of $330,000.00. The Debtor provided the Trustee a copy of the recorded deed to the Arizona property on September 18, 2026.**

3. The monthly expenses related to the retention of the debtor('s)(s') non-residential **real property** located in Arizona are not reasonably necessary for the debtor's maintenance and support as required by 11 U.S.C. 1325(b), especially as the unsecured creditors are forced to subsidize the retention of such property that is not providing any benefit to the estate. Specifically, the Plan proposes to retain said real property with monthly payments for the mortgage and unpaid taxes for the same in excess of $1,400.00, yet the debtor's Schedule I indicates that the debtor only nets $437.00 per month in rental income for said property. The Trustee requests that the debtor surrender this real property.

**Debtors' Response: The Debtor's Schedule I only reflects her net income from the Arizona property, which is $437.10. Debtor's monthly gross rental income from the property is $1,650.00 and her average monthly expenses for the property are $1,212.90 per month. The $437.10 is her net income after expenses. The Debtor providef the Trustee a copy of her business' lease agreement for the property. As it stands, the property in Arizona is not a drain on the estate and does not require a greater dividend to Class 9 Creditors. Additionally, an Amended Schedule G is not necessary is the Debtor is not directly party to the lease. Rather, her business is the lessor.**

**Willow Woods Preserve Association Objections:**

1. The Plan fails to address the Creditor's proof of claim.

   **Debtors' Response: The proposed Order Confirming Plan will address the creditors objection.**

3. ☐ Request an adjournment of the confirmation hearing to __________ for the following good cause:

4. ☐ Dismiss the case. [The Court will construe this as a motion by the debtor to dismiss the case under Fed.R.Bankr.P. 1017(f)(2), and the Court will enter an order of dismissal and the case will be removed from the docket, unless the case was previously converted from Chapter 7, 11, or 12 to Chapter 13. In that event, a separate motion to dismiss must be filed within 7 days.]

5. ☐ Convert the case to chapter 7. [The debtor must promptly file a separate notice of conversion under Fed.R.Bankr.P. 1017(f)(3), and pay the filing fee for such notice. Such notice of conversion will cause the case to be converted without the entry of an order of conversion.]

/s/ Rodion R. Leshinsky

Feldman Garcia Leshinsky & Miljus, LLC
418 North Main St, 2nd Floor,
Royal Oak, MI 48067
Phone: (248) 886-9598
Email: rleshinsky@fglmlawgroup.com
(P86777)